THE INHABITANTS OF THE TOWNSHIP OF MARLBORO v. THE INHABITANTS OF FREEHOLD.

50  509
51   96
50  509
54  538

By the act of 1886 (*Pamph. L.*, p. 208) an actual legal settlement is imparted to every one by ten years' continuous residence, at any time, whether the person be a minor or an adult, or with or without a prior legal settlement, and such settlement continues until another is gained.

On *certiorari*.

Argued at February Term, 1888, before Justices VAN SYCKEL, KNAPP and DIXON.

For the relator, *William H. Vredenburgh.*

For the defendant, *Frank P. McDermott.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The question in this case is whether the legal settlement of Aventha Holmes is in the township of Marlboro or in Freehold.

Augustus Holmes, a bastard, was born in the township of Freehold, in Monmouth county, about thirty years ago.   The legal settlement of his mother, at the time of his birth, was in Marlboro township.

He continued to reside in Freehold for eleven consecutive years after his birth, the first six of which years he resided with his mother as a member of her family.   Since he reached the age of eleven years, the evidence does not show that he has resided ten consecutive years in any other township.

Augustus Holmes afterwards married Aventha.   In the fall of 1886, Aventha, who then lived in Freehold, applied for relief to the overseer of that township.

Her legal settlement was adjudged by the justice, and afterwards, on appeal to the Quarter Sessions, to be in Marlboro.

It is admitted that at the time of the birth of Augustus

Holmes, his place of legal settlement was that of his mother, in the township of Marlboro. *Alexandria* v. *Bethlehem*, 1 *Harr.* 119; *Paterson* v. *Byram*, 3 *Zab.* 394; *McCoy* v. *Newton*, 8 *Vroom* 133.

That is still his legal settlement, unless he has gained another by force of the act of 1886 (*Pamph. L., p.* 208), which provides:

" That any person or persons who have or who shall have resided in any township of this state for the period of ten years, shall be considered as legally settled in said township."

The words "have resided" do not imply that the residence continued at the time of the passage of this act. It may properly be said that a person has resided in many different places.

The literal meaning of this statute is that ten years' continuous residence at any time affords a legal settlement.

It is insisted that under the case of *Brower* v. *Smith*, 17 *Vroom* 72, the act of 1886 does not embrace infants, idiots and lunatics, who are incapable of independent action so as to acquire a settlement in their own right.

That case involved the construction of the act for the settlement and relief of the poor (*Rev., p.* 834), which provides "that all mariners coming into this state, and having no settlement in this or any of the neighboring states, and every other healthy person directly coming from Europe into this state, shall be legally settled in the township in which he or she shall first settle and reside for the space of one year."

It was held that this act was not intended to embrace persons having a legal settlement in New Jersey before the occurrence of the facts which, by this provision, would give a settlement. The court said that the opposite view would lead to the inadmissible result that Jerseymen temporarily visiting Europe would, on their return here, obtain a new settlement in the township where they first happened to live a year.

The interpretation of the act of 1886, according to the ordinary meaning of the language used, will not lead to any

results which indicate that it will not give effect to the legislative intent.

Prior to this act, children, whether old or young, so long as they remained unmarried and resided with their father as members of his family, followed his settlement.

There is nothing to justify the inference that children who have a derivative settlement from the parent may not, equally with those who have an actual settlement in their own right, gain by force of this statute a new settlement for themselves. The law makes no exceptions, and no reason is apparent why all persons shall not be within its terms.

The suggestion that the controlling facts must be settled by the uncertain memory of witnesses may be against the wisdom of the act, but cannot affect its construction. The facts upon which many cases of settlement are adjudged depend on parol testimony.

In *McLorinan* v. *Bridgewater Township*, 20 *Vroom* 614, in which this law for the first time was reviewed by this court, it is said:

"It cannot be doubted that in this act of legislation there is expressed the design to introduce a new condition upon which legal settlement may be acquired; and when such condition is found to exist, an absolute settlement, and not one *prima facie*, merely, is established, which must preclude any search for a prior one, either actual or derivative."

This court expressly refused to hold that the ten years' residence should control only in case no settlement, derivative or acquired, could be established through other provisions of the poor law. No such limitation is expressed in the act of 1886.

If the act applies to an adult who has acquired an actual settlement for himself, why should it not apply to one who has only a derivative settlement?

By the comprehensive language of the statute, an actual legal settlement is imparted to every one by ten years' continuous residence, whether the person be a minor or an adult, or with or without a prior legal settlement, and such settlement continues until another is gained.

There is no reason for departing from the ordinary meaning of the language used in this legislation. In our judgment the order and proceedings below should be set aside, with costs.